**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIE GEIGER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-0160-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The findings, conclusions, and recommendation of the United States

Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Willie Geiger, TDCJ #1038371, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

C.  FACTUAL AND PROCEDURAL HISTORY

In September 17, 1998, Geiger was charged by separate indictment with two counts of

aggravated robbery with a deadly weapon and one count of aggravated kidnapping with a deadly

weapon in Cause Nos. 0703157D, 0703158D, and 0703335 in the 297th District Court of Tarrant

County, Texas.  (1State Habeas R. at 119; 2State Habeas R. at 116; 3State Habeas R. at 116.)[1]  On

February 26, 2001, Geiger was given and signed written plea admonishments, after which he entered

open pleas of guilty to the charged offenses.  (1State Habeas R. at 120-26; 2State Habeas R. at 117-

23; 3State Habeas R. at 117-23.)  The trial court ordered preparation of a presentence investigation

report (PSI), and, on April 18, 2001, after a hearing, the court found Geiger guilty of the offenses

and assessed his punishment at forty-five years' confinement in each case.  (Reporter's R. at 153-

54.)  The Second District Court of Appeals of Texas affirmed the trial court's judgments on May

16, 2002.  *Geiger v. Texas*, Nos. 2-01-172-CR, 2-01-173-CR & 2-01-174-CR, slip op. (Tex.

App.–Fort Worth May 16, 2002) (not designated for publication).  In turn, on September 18, 2002,

the Texas Court of Criminal Appeals refused Geiger's petitions for discretionary review.  *Geiger

v. Texas*, PDR Nos. 1187-02, 1188-02 & 1189-02.  Geiger did not seek writ of certiorari.  (Petition

at 3.)  On July 16, 2003, Geiger filed three state applications for writ of habeas corpus, one for each

conviction, raising one or more of the claims presented, which were denied by the Texas Court of

Criminal Appeals on October 20, 2004, without written order on the findings of the trial court.  *Ex

parte Geiger*, Application Nos. 60,267-01, 60,267-02 & 60,267-03, at cover.  Geiger filed this

federal petition for writ of habeas corpus on March 2, 2005.

D. ISSUES

In three grounds, Geiger claims his guilty pleas were rendered involuntary because he was

---

[1]"1State Habeas R.," "2State Habeas R.," and "3State Habeas R." refer to the court records
for Geiger's state habeas Applications Nos. 60,267-01, 60,267-02, and 60,267-03, respectively.

unaware of the consequences of the pleas, he received ineffective assistance of trial counsel, and a determination of his mental competency should have been made at trial.  (Petition at 7 & Pet'r Addendum at 1-2.)

E.  RULE 5 STATEMENT

Geiger has sufficiently exhausted his state remedies on the claims presented as required by 28 U.S.C. § 2254(b)(1)(a).

F.  DISCUSSION

*1.  Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual

findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. *Voluntariness of Pleas*

Geiger contends his due process rights were violated and his guilty pleas were involuntary and unintelligent because (1) he was mentally challenged at the time of the trial court proceedings and unable to understand the circumstances and consequences of his pleas, (2) he was misled by his attorney into believing that if he signed the waivers of his rights that his attorney would seek probation, (3) he was misled by the language in the stipulations into believing he would get probation, and (4) his attorney was aware of his mental deficiencies but did not seek the assistance of his mother to determine if he was aware of the consequences of his pleas and fully understood the proceedings. (Pet'r Addendum at 5.)

The test for deciding competence to enter a guilty plea is whether the defendant (1) has sufficient ability at the time of trial to consult with his attorney with a reasonable degree of rational understanding, and (2) has a rational as well as factual understanding of the proceedings against him. *Godinez v. Moran*, 509 U.S. 389, 396-400 (1993); *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975); *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Dusky v. United States*, 362 U.S. 402, 402 (1960). Because a state court's competency finding is presumed correct, a petitioner bears a heavy burden

in contesting his competency during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

During the course of Geiger's state habeas proceeding, the trial court specifically found that Geiger presented no evidence, and thus failed to prove, that he had been found legally incompetent, that he did not have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding, or that he did not have a factual understanding of the proceedings against him at the time of trial. (State Habeas R. at 113-16.) Geiger urges that the proof of his incompetence can be found in the PSI.[2] Having reviewed the state court record, including the PSI, it is evident that Geiger had a history of mental health problems and borderline intelligence. Nevertheless, there is no evidence from an expert stating Geiger was incompetent to stand trial or evidence that he was so mentally incompetent as to be unable to understand the proceedings against him or assist in his own defense. The mere presence of a mental defect does not demonstrate mental incompetence to stand trial. *Bruce v. Estelle*, 536 F.2d 1051, 1059 (5th Cir. 1976). Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Geiger failed to show in state court that he was mentally incompetent at the time of his trial, and he provides no new evidence of incompetency that would entitle him to federal habeas relief. (PSI at 18-21; 1State Habeas R. at 113-14.)

Thus, the inquiry turns to whether Geiger's pleas were knowing and voluntary. *Parke v.*

---

[2]The PSI indicates that the Social Security Administration and Cook Children's Medical Center Behavioral Health Services administered psychological testing to Geiger in 1997 and 1998, respectively, with conflicting diagnoses. (PSI at 18-21.) The PSI also indicates that Geiger received Social Security supplemental income for his mild retardation and learning disability while a minor. (*Id.*)

*Raley*, 506 U.S. 20, 28-29 (1992).  A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review.  *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him.  *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).  He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment.  *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record of the plea proceeding in this case does not support Geiger's assertion that his pleas were rendered involuntary as a result of one or more of the reasons cited above.  Although there is no reporter's record of the plea proceeding, the documentary record reflects that Geiger entered his guilty pleas in open court and was admonished by the trial court of his rights, waivers, and the full range of punishment for the offenses.  (1State Habeas R. at 69-74.)  Geiger executed the written plea admonishments in which he acknowledged that he understood the admonishments and was aware of the consequences of his pleas, that he was mentally competent, and that his pleas were freely and voluntarily entered.  (*Id.* at 72.)  *Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981).  Such representations by a defendant during plea proceedings carry a strong presumption of verity.  *Blackledge*, 431 U.S. at 74.

Moreover, counsel and/or his legal assistant reviewed the plea admonishments with Geiger and believed that Geiger understood and was prepared for the hearing.   (1State Habeas R. at 108.)

6

Counsel and/or his assistant also advised Geiger that he could only get probation from a jury or a deferred adjudication from the judge. (*Id.* at 101.) The state habeas court is responsible for making credibility determinations and resolving any inconsistencies in counsel's affidavit. *Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). The judge apparently accorded credibility to counsel's affidavit, and this credibility determination is entitled to the presumption of correctness absent clear and convincing evidence to the contrary. *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997); *Livingston*, 107 F.3d at 303.

Finally, the fact that the form "Written Plea Admonishments" contained an admonishment on regular community supervision (probation), which was inapplicable to Geiger's case, does not render his pleas involuntary. Nor does the fact that Geiger's mother was not consulted. Although Geiger may have been influenced by his mother and others during the course of the trial court proceedings, in the absence of credible evidence to the contrary, it appears Geiger was competent to stand trial and made the voluntary and intelligent choice among the alternative courses of action open to him to enter an open plea of guilty in the hope that he could obtain deferred adjudication community supervision from the trial court. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Geiger has failed to rebut the presumption of regularity of the state court records and the correctness of the state courts' adjudication of the issue and is not entitled to federal habeas relief. *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999); *see also Hill*, 210 F.3d at 485; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### 3. Ineffective Assistance of Counsel

Geiger contends his trial counsel was ineffective by (1) failing to undertake an independent investigation of the facts and circumstances of the offenses, (2) failing to undertake an independent

7

investigation into and obtain supporting evidence of his mental incompetence, (3) failing to file

pretrial motions, (4) advising him to plead guilty and not informing him that the trial court could not

give him probation, and (5) failing to interview witnesses and present mitigating evidence regarding

his mental incompetence.  (Pet'r Addendum at 9.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.

U.S. CONST. amend. VI.  To prevail on an ineffective assistance claim in the context of a guilty plea,

a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's

representation fell below an objective standard of reasonableness, and (2) there is a reasonable

probability that, but for counsel's deficient performance, he would not have pleaded guilty and

would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Strickland v.

Washington*, 466 U.S. 668, 687 (1984); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).   In

evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional assistance or sound trial strategy.

*Strickland*, 466 U.S. at 668, 688-89.  Judicial scrutiny of counsel's performance must be highly

deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Id.* at 689.

Strategic choices made by counsel after thorough investigation of the law and facts relevant to

plausible options are virtually unchallengeable.  *Id.* at 690.

Once a voluntary, knowing and intelligent guilty plea has been entered by a criminal

defendant, all nonjurisdictional defects in the proceedings preceding the plea are waived, including

all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea.

*Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).  Therefore,

to the extent Geiger complains trial counsel failed to adequately investigate the facts and

8

circumstances of the offenses and file pretrial motions, matters unrelated to the voluntariness of his plea, the claim is nonjurisdictional and is waived by the plea. *United States v. Broce*, 488 U.S. 563, 573-74 (1989).

Geiger's fourth ineffective-assistance claim is refuted by the record, which indicates that counsel specifically advised Geiger that he could only get probation from a jury or a deferred adjudication from the trial judge. (1State Habeas R. at 101.) Similarly, Geiger's remaining claims that counsel failed to investigate and obtain evidence supporting his mental-incompetency theory, to obtain a psychological evaluation of Geiger as recommended in the PSI, and to present mitigating evidence of his mental incompetence are also refuted or unsupported by the record.[3] According to counsel's legal assistant, there "never was any mention made of documentation or evidence to support any diagnosis" of Geiger's mental condition, and the matter was never discussed in her presence until Geiger's mother reviewed the PSI with her. (State Habeas R. at 107.) Even assuming, as alleged, counsel was aware of Geiger's history of mental problems and his learning disability before reviewing the PSI, nothing in the record indicates that Geiger exhibited symptoms of severe mental disorders such that counsel was or should have been aware that Geiger was incapable of understanding the nature of the charges against him or assisting in preparation of his defense. Instead, the record reflects that Geiger was able to read and graduated from high school, supported his children, married, and maintained employment before and/or during the state court proceedings. Counsel represented Geiger for over two years prior to the trial court proceedings, had numerous visits with Geiger personally or through his legal assistant during that time, and joined Geiger's

_____

[3]In 2001 and 2002, Geiger apparently instituted two grievance procedures against counsel with the State Bar of Texas. (1State Habeas R. at 56-68.) In support of his ineffective-assistance claims, Geiger presents correspondence from the State Bar of Texas regarding those grievances. (*Id.*; Pet'r Addendum, Exhibit B.) Other than the fact that counsel agreed to participate in the Professional Enhancement Program in one of those procedures, however, there is no indication of the final result of the grievances.

assertion that he was mentally competent in the written plea admonishments.  (State Habeas R. at 124.)

### 4.  Competency Hearing

Geiger also contends that his due process rights were violated by the trial court's failure to sua sponte hold a competency hearing to determine whether he was competent to stand trial in light of the information in his PSI regarding his mental problems and lower-than-average intelligence and the recommendation that an updated psychiatric evaluation be administered.  (PSI 21, 23.)

A trial court must hold a competency hearing when there is evidence before the court that objectively creates a bona fide question as to whether the defendant is competent to stand trial. *Pate*, 383 U.S. at 385; *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir. 1980).  The petitioner need not establish that he was incompetent to stand trial to obtain relief, rather he need only establish that the trial judge should have ordered a hearing to determine his competency.  *Lokos*, 625 F.2d at 1261. The question then is did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about the defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense. *Id.; Medina v. California*, 505 U.S. 437, 448 (1992).

Under Texas law, then and now, a defendant's competency is presumed unless the defendant raises a bona fide doubt about his legal competence by presenting evidence indicating recent severe mental illness, moderate mental retardation, or truly bizarre acts.  *See* Act of May 26, 1999, 77th Leg., R.S., ch. 561, § 1, 1999 Tex. Gen. Laws 3092, 3093 (formerly TEX. CODE CRIM. PROC. ANN. art. 46.02, currently TEX. CODE CRIM. PROC. ANN. art. 46B.003 (Vernon Supp. 2005));  *Rice v. Texas*, 991 S.W.2d 953, 957 (Tex. App.–Fort Worth 1999, pet. ref'd) (citing *Collier v. Texas*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997)).  Whether the issue of competency exists at the time of trial is left to the discretion of the trial judge based on personal observations, known facts, evidence

presented, motions, affidavits, or any reasonable claim or credible source creating a bona fide doubt

of the defendant's competency to stand trial. *Rice*, 991 S.W.2d at 957; *Taylor v. Texas*, 948 S.W.2d

827, 831 (Tex. App.–San Antonio 1997, pet. ref'd).

The state appellate court determined that the trial court did not err in not conducting a sua

sponte inquiry into Geiger's competency because he had failed to raise a bona fide doubt about his

mental competence. *Geiger v. Texas*, Nos. 2-01-172-CR, 2-01-173-CR & 2-01-CR-174-CR, slip

op. at 6-9. Although there is no reporter's record of the plea proceeding, the trial court reviewed the

PSI before the punishment phase and was aware of the recommendation for an updated psychiatric

evaluation and Geiger's history of mental problems and learning disabilities. (Reporter's R. at 78-

79.) It does not appear that there was evidence before the court, however, of recent severe mental

illness, moderate mental retardation, or truly bizarre acts by Geiger that would put the court on

notice that Geiger may be incompetent to stand trial. Thus, Geiger cannot establish that the state

court's decision is contrary to or an unreasonable application of clearly established Supreme Court

precedent or an unreasonable determination of the facts before the state court.

## II.  RECOMMENDATION

Geiger has failed to satisfy the legal standard for habeas corpus relief set forth above, and

his petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation within ten (10) days after the party has been served with a copy of this document.

The court is extending the deadline within which to file, not merely place in the mail, specific

written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until January 26, 2006.  Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 26, 2006, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the  docket of the United States District Judge.

SIGNED January 5, 2006.


_____/s/ Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE