IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 9 2006

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

| | | |
|---|---|---|
| WILLIE GEIGER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-160-A |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Willie Geiger ("Geiger") is petitioner and Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 5, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by January 26, 2006, and the court, upon motion from Geiger, extended that deadline until February 2, 2006. On January 30, 2006, and again on February 8, 2006,[1] Geiger filed his written objections. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal

---

[1] While Geiger's second set of objections were filed beyond the court's deadline, it appears that he forwarded them to prison officials on February 1, 2006. See Pet'r Objections at 16. Thus, the court concludes that Geiger is entitled to take advantage of the lenient rule discussed in Thompson v. Raspberry. 993 F.2d 513 (5th Cir. 1993).

Rules of Civil Procedure, the court makes a *de novo* determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge concluded that Geiger's petition did not state any grounds upon which habeas relief was warranted, and recommended the petition be denied. Specifically, the magistrate judge concluded: (1) Geiger entered his guilty plea knowingly and voluntarily, and that the record failed to support his contention that he was incompetent to stand trial; (2) Geiger had effective assistance of counsel; and (3) the trial court was not obligated to hold a *sua sponte* competency hearing because Geiger was able to stand trial.

Geiger made the following specific objections. Battle, 834 F.2d at 421. First, he asserts the record supports a finding that his guilty plea was invalid. Second, Geiger urges that he did not receive effective assistance of counsel, specifically because his attorney undertook no investigation into whether he was competent to stand trial; never attempted to dissuade him from entering a guilty plea; and never sufficiently informed him of the consequences of entering a guilty plea. Finally, Geiger posits that the magistrate judge erred in concluding the trial court did not have to hold a *sua sponte* competency hearing. The court disagrees with Geiger's contentions.

2

As noted by the magistrate, the record clearly supports the conclusion that Geiger possessed the ability to understand the nature of the proceedings against him. Godinez v. Moran, 509 U.S. 389, 396-400 (1993). Because there is no evidence supporting Geiger's incompetency argument, the court also concludes that he had a full understanding of what his guilty plea connoted and of its consequences. Parke v. Raley, 506 U.S. 20, 28-29 (1992). Critical to the court's analysis is the written plea admonishment signed by Geiger that stated he could face "[a] term of imprisonment for life or for any term of not more than 99 years or less than 5 years." Pet'r Addendum, Ex. B at 6. Geiger's objection that he suffered from "a mental challenge" precluding an understanding of that language is contradicted by the record and is insufficient to rebut the presumption that the written admonishment portends of a properly entered guilty plea. See Blackledge v. Allison, 431 U.S. 63, 75 (1976).

Geiger's contention that his counsel was ineffective must also fail because he failed to establish any likelihood that any of the alleged deficient conduct was unreasonable or prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 691-98 (1984). First, since there is no evidence that Geiger was mentally incompetent, the court declines to impose a duty on his attorney to investigate that question. Next, the record shows that his attorney advised him that the consequences of rejecting his plea agreement could be severe; his attorney also attempted in vain to persuade Geiger to accept the State's offer of a nine-year sentence. Therefore, Geiger's contentions that his attorney

failed to advise him that probation was not an available punishment, or that he otherwise failed to adequately apprise him of the ramifications of his plea, are baseless.

Finally, the court concludes that the state court was not required to hold a sua sponte competency hearing. Due process only required the trial court to hold such a hearing if the evidence was sufficient to raise a "bona fide" doubt as to Geiger's competency at that time. See Drope v. Missouri, 420 U.S. 162, 173 (1975); see also Rice v. Texas, 991 S.W.2d 953, 957 (Tex.App.--Fort Worth 1999, pet ref'd). As explained above, there is no evidence that Geiger was incompetent to stand trial.

For the reasons stated herein,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED February 9, 2006

JOHN McBRYDE
United States District Judge

4